**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

Ramirez et al                                        Civil Action No. 2:15-cv-01448

versus                                                      Unassigned District Judge

PNK Lake Charles LLC                        Magistrate Judge Carol B. Whitehurst

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Pending before the Court are two Motions For Summary Judgment, the first filed by defendant PNK Lake Charles LLC, d/b/a  L'Auberge du Lac Casino Resort ("PNK") [Doc. 43], and the second filed by defendant Full Service Systems Corp. ("FSS")  [Doc. 58].  Plaintiffs Julio Ramirez and Myriam Ramirez oppose both motions [Doc. 47 &61].  PNK filed two reply briefs [Doc. 52 & 64]; FSS also filed a reply brief [Doc. 67].

On October 17, 2017, the undersigned issued a Report and Recommendation [Doc. 71], wherein it was recommended that both motions be denied on grounds there are genuine issues of material fact regarding the precise size and placement of the warning cone inside the restroom at the time of the plaintiff's alleged accident.  In light of the foregoing, the undersigned reported that she could not determine whether the condition in the restroom at the time of the plaintiff's alleged fall was open and obvious, and, consequently, could not determine whether the condition of the restroom

was unreasonably dangerous.    Because the undersigned determined she could not resolve the issue of whether the condition was unreasonably dangerous, the undersigned made no finding with respect to whether PNK would be liable for the acts of its contractor FSS.

Defendants PNK and FSS filed Objections to the Report and Recommendation [Docs. 73 & 72, respectively], and the plaintiff filed a Response to the Objections [Doc. 74].  In its Objection, PNK argues the undersigned should have made a finding as to the independent contractor issue, because even if the Court were to determine that there was negligence in the placement of the cones in the bathroom, PNK cannot be liable for the negligence of its independent contractor FSS.  On January 25, 2018, the district judge remanded the matter to the undersigned to prepare a Supplemental Report addressing the independent contractor issue.  For the reasons that follow, the undersigned concludes that genuine issues of material fact on the issue of independent contractor status preclude the entry of summary judgment in favor of PNK. Therefore, the undersigned recommends that both motions for summary judgment be DENIED.

### *Analysis*

The Background portion of the undersigned's original Report and Recommendation is hereby referenced and incorporated in toto.

The parties appear to agree that the issue of the independent contractor liability is governed by Louisiana law. A principal is not liable for the torts of an independent contractor unless the principal exercises operational control over or expressly or impliedly authorizes the independent contractor's actions. *LeJeune v. Shell Oil Co.*, 950 F.2d 267 (5th Cir. 1992), *citing Duplantis v. Shell*, 948 F.2d 187, 192 (5th Cir. 1991); *see also Landry v. Huthnance Drilling Co.*, 889 F.2d 1469, 1471 (5th Cir. 1989). PNK argues the claims against it should be dismissed even if there was negligence in the placement of the wet floor sign, the manner in which the bathroom was cleaned, or the failure to clean the subject bathroom, because all of the foregoing responsibilities were assumed by FSS by virtue of the contract between PNK and FSS.

In response, the plaintiff argues there are material issues of fact in dispute as to which entity – FSS or PNK – placed the wet floor sign and failed to clean the bathroom properly. FSS and PNK each allege the other was responsible for cleaning the restroom at the time of Mr. Ramirez' fall. Keith Gaines, FSS's Senior Vice President of Operations, testified as FSS' corporate designee at the company's July 12, 2017 corporate deposition and testified that if an employee of PNK made a call to an FSS employee to clean up a spill during the "grave shift," FSS would have sent someone to clean it up. Mr. Gaines testified that FSS, just like PNK, has no record

3

of a call placed in this matter as to Mr. Ramirez's fall.  Gaines was shown a checklist which PNK purported to be a form completed by FSS employees showing the restroom was mopped by FSS, but Gaines stated the checklist was not an FSS checklist and there is no evidence anyone from PNK provided FSS notice of the condition of the bathroom at issue.  Gaines further testified FSS was not hired by PNK at L'Auberge to go in every hour or thirty minutes to inspect, clean, specifically the bathroom outside Jack Daniels, but rather that FSS was hired to do the overnight deep cleaning of the entire public areas to include the restrooms, the kitchens, and the restaurant. Gaines testified that at the time of Mr. Ramirez's fall both PNK and FSS bathroom cleaning crews would have still been working and that either crew could have placed the wet floor sign as both crews had access to the closet.

A review of the foregoing testimony makes clear that there are genuine issues of material fact regarding the issue of which party – FSS or PNK – was responsible for the cleaning of the bathroom on the night of the plaintiffs' call, and which entity actually placed the cone in the bathroom on the night of the accident.  If PNK employees placed the cone in the bathroom in the manner in which it was placed, or if the records that are produced in discovery show that PNK employees did not contact FSS on the night of the plaintiff's accident, there is the possibility that PNK could be liable for its own negligence in this matter.  Considering the foregoing, the

undersigned cannot determine at this time whether PNK is entitled to summary judgment under this argument, as issues of fact preclude this determination.

*Conclusion*

Based on the foregoing, IT IS RECOMMENDED that the Motion For Summary Judgment filed by defendant PNK Lake Charles LLC, d/b/a L'Auberge du Lac Casino Resort ("PNK") [Doc. 43] and the Motion for Summary Judgment filed by defendant Full Service Systems Corp. ("FSS") [Doc. 58] be DENIED for the reasons stated in the undersigned's original Report and Recommendation, as well as those contained in this Supplemental Report.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th  Cir.1996).

       THUS DONE AND SIGNED in Lafayette, Louisiana this 1st day of February, 2018.

 

 

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE